UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA MARIE BROWN,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security<br><br>Defendant. | Case No.: 22-CV-853-WVG<br><br>**ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DOC. NO. 14] AND DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT [DOC. NO. 16]** |

I. **INTRODUCTION**

This action arises from the Commissioner of Social Security Administration Kilolo Kijakazi's ("Commissioner" or "Defendant") denial of Angela Marie Brown's ("Plaintiff") application for Social Security disability income benefits under Title II of the Social Security Act ("Act"). Plaintiff filed a Motion for Summary Judgment on October 26, 2022. (Doc. No. 22.) The matter became fully briefed on November 30, 2022, when Defendant filed its Cross-Motion for Summary Judgment. (Doc. Nos. 14, 16.) The Parties dispute whether the administrative law judge ("ALJ") failed to properly (1) assess Plaintiff's residual functional capacity ("RFC") and (2) consider Plaintiff's subjective testimony. Having reviewed and considered the Parties' submission in their entirety, the Court

1

DENIES Plaintiff's Motion for Summary Judgment, GRANTS Defendant's Motion for Summary Judgment, and elaborates below.

## II. PROCEDURAL HISTORY

On October 10, 2019, Plaintiff protectively filed a Title II application ("the application") for a period of disability and disability insurance benefits, alleging disability commencing on October 5, 2019. (AR 156-157.) The Commissioner denied the claim initially on August 6, 2020, and upon reconsideration on October 13, 2020. (AR 93-104.) Plaintiff then requested a *de novo* hearing before an ALJ on October 19, 2020. (AR 105-06.) ALJ Benham was assigned to Plaintiff's matter, and he convened a telephonic hearing on May 13, 2021. (AR 20-40.) Plaintiff appeared at the hearing as well as her attorney and a vocational expert. (AR 41; *see generally* AR 41-57.) Subsequently, on June 25, 2021, ALJ Benham issued an unfavorable decision resolving Plaintiff's application ("Decision"). (AR 20-37.) In his Decision, ALJ Benham found Plaintiff was not disabled because she could work as a food and beverage order clerk, charge account clerk, and addresser. (*Id*.) On June 30, 2021, Plaintiff requested that the Appeals Council review ALJ Benham's Decision. (AR 153-55.) The Appeals Council denied Plaintiff's request on April 22, 2022, at which point ALJ Benham's Decision became the final decision of the Commissioner. (AR 9-11.) On June 9, 2022, Plaintiff filed the instant Action pursuant to 42 U.S.C section 405 (g), seeking judicial review of the Commissioner's Decision.

## III. FACTUAL BACKGROUND

### a. Relevant Background

Plaintiff is 44 years old. (AR 156.) She has a 12th-grade level of education. (AR 44.) From 2006 until October 2019, Plaintiff worked as a shipping and receiving clerk. (AR 156; 196.) On October 11, 2019, Plaintiff applied for disability insurance benefits pursuant to Title II of the Act. (AR 156-57.) She alleged disability based on both physical and mental health conditions. Specifically, Plaintiff identified Crohn's disease, ulcerative colitis with ileostomy, rheumatoid arthritis, and ankylosing spondylosis as her disabling physical

conditions and depression as her disabling mental condition. (AR 195-96.) To that end, Plaintiff alleged October 5, 2019, as the onset date of her disabling conditions. (*Id*.)

### b. Dr. Kanner's Consultative Examination

On March 12, 2020, Dr. Amy Kanner ("Dr. Kanner") conducted a consultative examination of Plaintiff, after which Dr. Kanner made several key findings regarding Plaintiff's work restrictions. (AR 35.) Most broadly, Dr. Kanner found Plaintiff was "well developed," "well-nourished," "morbidly obese," and "in no acute distress." (AR 302.) Dr. Kanner added Plaintiff "gets in and out of a chair without difficulty," "is able to stand fully erect," and "there is no apparent ataxia or dyspnea noted." (*Id*.) Further, Dr. Kanner's examination of Plaintiff's ear, nose, and throat yielded unremarkable findings. (AR 303.) Dr. Kanner also indicated Plaintiff's chest, lungs, and cardiovascular system presented normally, with "no evidence of tenderness to palpitation…, wheezing, rhonchi, or rales…, heaves, thrills, murmurs, rubs, or gallops." (AR 304.) However, Dr. Kanner opined Plaintiff required convenient, frequent access to a restroom given her self-reported history of ulcerative colitis and Plaintiff's claim that her ostomy bag occasionally leaked. (AR 308; Exhibit ("Ex.") 5F 10/13.)

As to Plaintiff's functional restrictions, Dr. Kanner opined Plaintiff could occasionally bend while also noting she should not stoop, crouch, crawl, or climb to minimize leaking from her ostomy bag. (AR 308.) According to Dr. Kanner, Plaintiff's ostomy bag also limited Plaintiff to "stand[ing] or walk[ing] for 2 hours of an 8-hour workday" but, concurrently, did not prevent Plaintiff from "sit[ting] for 6 hours of an 8-hour workday." (AR 307.) Additionally, Dr. Kanner recommended that Plaintiff "not work at heights or dangerous machinery," "avoid exposure to hot/humid environments," and "avoid exposure to potentially irritating fumes" to ensure her ostomy bag stayed intact. (*Id*.) Finally, Dr. Kanner stated Plaintiff "c[ould] lift and carry 20 pounds occasionally and 10 pounds frequently." (AR 307.) In support of her conclusions, Dr. Kanner cited to (1) Plaintiff's own statements regarding her health conditions, her family history, and her social history; (2) Plaintiff's medical records, which included imaging of Plaintiff's spine

and prescription records; and (3) the results of Dr. Kanner's own physical examination of Plaintiff. (AR 300-309.)

### c. ALJ Benham's Findings of Fact and Conclusions of Law

In his Decision, ALJ Benham the following 11 findings of fact and conclusions of law:

(1) **Plaintiff met the insured status requirements of the Social Security Act through March 31, 2025**;

(2) **Plaintiff had not engaged in substantial gainful activity since October 5, 2019, the alleged onset date of her disabling condition** (citing 20 C.F.R. 404.1571, *et seq.*);

(3) **Plaintiff had the following severe impairments: (1) ulcerative colitis status post-total colectomy and ileostomy in 2011; (2) obesity; (3) lower lumbar spondylosis; (4) spinal stenosis; (5) neuro foraminal narrowing; (6) left knee pain; and (6) asthma** (citing 20 C.F.R. 404.1520(c));

(4) **Plaintiff did not have an impairment or combination thereof that met or medical equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1**;

(5) **Plaintiff had a residual functional capacity to perform sedentary work as defined in 20 C.F.R. 404.1567(a)**, where she could (1) frequently lift and carry 10 pounds; (2) occasionally lift and carry 20 pounds; (3) sit for six hours in an eight-hour day; (4) stand and/or walk for two hours in an eight-hour day; (5) occasionally use foot controls and push/pull with her bilateral lower extremities; (6) occasionally stoop, crouch, kneel, crawl, or climb stairs; and (7) never climb ladders or scaffolds. ALJ Benham added Plaintiff must (1) avoid environment[s] that would expose her to concentrated cold, vibration, pulmonary irritants, or hazards; (2) work in close proximity of 20 yards of a bathroom; and (3) take two additional, unscheduled bathroom breaks up to five to ten minutes each day in addition to normal breaks;

(6) **Plaintiff was unable to perform any past relevant work** (citing 20 C.F.R. 404.1565);

(7) **At the time of ALJ Benham's Decision, Plaintiff was 40 years old, which qualified Plaintiff as a younger individual aged 18-44 years, as of the alleged disability onset date** (citing 20 C.F.R. 404.1563);

(8) **Plaintiff had at least a high school education** (citing 20 C.F.R 404.1564);

(9) **The transferability of Plaintiff's job skills was not material to ALJ Benham's determination of disability because ALJ Benham found Plaintiff was not disabled pursuant to the Medical-Vocational Rules** (citing SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2);

(10) **Given Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff was capable of performing** (citing 20 C.F.R. 404.1569 and 404.1569(a)); and

(11) **Plaintiff had not been under a disability, as defined in the Social Security Act, from October 5, 2019, through the date of ALJ Benham's Decision** (citing 20 C.F.R. 404.1520(g)). (AR 25-36.)

## IV. LEGAL STANDARD

Claimants may seek judicial review if they disagree with an agency's resolution of their application for administrative benefits. The Administrative Procedures Act ("APA") requires a reviewing court to uphold agency action unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Specific to Social Security actions on appeal, the Court's review is limited to two inquiries: (1) whether substantial evidence in the record supports the decision; and (2) whether the decision comports with proper legal standards. *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990); *see also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). The Court considers the agency's decision holistically, reviewing the entirety of the ALJ's decision. *Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2020).

Substantial evidence is "more than a mere scintilla" and "means . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). An ALJ's decision will not be reversed for harmless errors. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Errors are harmless if they are immaterial to the ultimate determination of non-disability. *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015).

V. **DISCUSSION**

a. **ALJ Benham's RFC Assessment**

Plaintiff argues ALJ Benham failed to adequately explain his evaluation of Dr. Kanner's medical opinion and, in turn, erroneously relied upon Dr. Kanner's opinion to determine Plaintiff's RFC. In relevant part, ALJ Benham adopted Dr. Kanner's recommendation that Plaintiff be provided convenient access to a restroom consisting of at least 20 yards as well as two unscheduled breaks up to five to ten minutes each day in addition to normal breaks ("restroom and break accommodations"). On summary judgment, Plaintiff contends ALJ Benham erred in his Decision by failing to explain his conclusion about Plaintiff's purported need for restroom and break accommodations. Defendant wholly disputes Plaintiff's position. Defendant maintains ALJ Benham adequately explained his evaluation of Plaintiff's work restrictions in formulating Plaintiff's RFC, inclusive of Dr. Kanner's opinion. The Court addresses the Parties' positions on the matter below.

As a foundational matter, it is the ALJ's prerogative to determine a claimant's RFC. 20 C.F.R § 404.1546(c); *see also Rounds v. Comm'r of SSA*, 807 F.3d 996, 1006 (9th Cir. 2015); *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). As such, an ALJ's conclusions are given substantial deference and must be upheld as long as they are rational and supported by substantial evidence. *Hanbey v. Astrue*, 506 Fed. Appx. 615, 616 (9th Cir. 2013) (citing *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) [emphasis added].). At the same time, an ALJ's generalized findings are insufficient; "the ALJ must identify what testimony is not credible and what evidence undermines the claimant's

complaints." *Benjamin H. v. Saul*, 2020 WL 6131725, at *9 (S.D. Cal. Oct. 19, 2020), report and recommendation adopted, 2021 WL 6113742 (S.D. Cal. Feb. 17, 2021) (citing *Reddick v. Charter*, 157 F.3d 715, 722 (9th Cir. 1998) and *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).). Consistent with this understanding, an ALJ's findings must be "sufficiently specific" to permit the court to conclude that the ALJ did not arbitrarily discount evidence. *Id*. (citing *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).).

Here, the Court finds substantial evidence underlies ALJ's Benham's Decision, inclusive of his RFC assessment, which partly relied upon Dr. Kanner's medical opinion. Specific to Dr. Kanner's opinion, the Court finds that substantial evidence supports ALJ Benham's assessment of Dr. Kanner's opinion and, at most, his acceptance of Dr. Kanner's finding as to Plaintiff's purported need for restroom and break accommodations amounts to nothing more than harmless error. As noted, ALJ Benham cited Dr. Kanner's recommendation that Plaintiff "should have convenient and frequent access to a restroom" in determining that Plaintiff needed to be within 20 yards of a restroom and required two additional, unscheduled breaks of five to ten minutes each. (AR 30; 308.) Notably, Dr. Kanner was the only doctor to opine about Plaintiff's purported need to frequently and conveniently access a restroom throughout the day. In doing so, Dr. Kanner did not provide a comprehensive explanation for her recommendation that Plaintiff be specifically granted restroom and break accommodations. Despite the deficiency, ALJ Benham exercised his discretion in incorporating Dr. Kanner's opinion into Plaintiff's RFC evaluation and treating the opinion as "mostly," rather than wholly, persuasive. (AR 34.)

ALJ Benham explained he considered Dr. Kanner's opinion "mostly persuasive" because the totality of Dr. Kanner's assessment as to Plaintiff's ability to work and related restrictions aligned with the weight of the objective medical evidence. (AR 34.) ALJ Benham cited to specific evidence to anchor his findings and reasoned that Dr. Kanner's medical opinion was supported by the results of her consultative examination of Plaintiff, Plaintiff's lumbar MRI, and Plaintiff's treatment records. (*Id*. (citing *e.g.*, Ex. 2F/6-7, 25; Ex. 3F/5-6; Ex. 5F/7-8; Ex. 7F/14, 18; Ex. 9F/7-9.).) ALJ Benham elaborated Dr. Kanner's

consultative examination reinforced that Plaintiff had full range of motion of the lumbar spine, limited knee flexion, and bilaterally symmetric breathing with no evidence of wheezing, ronchi, or rales. (AR 32-32; *see also* Ex. 5F/2-10.) As to Plaintiff's lumbar MRI, ALJ Benham reviewed those records and noted they "reflected lower lumbar spondylosis, most noted at L3-L4 and L4-L5, spinal stenosis at right L3-L4, and bilateral L4-L5 neuro foraminal narrowing." (AR 32; *see also* 2F/25.) Further, since 2019, Plaintiff's treatment records from various doctors' offices consistently demonstrated Plaintiff was not disabled despite her limited mobility. (AR 34.) Consequently, ALJ Benham found Dr. Kanner's conclusion that Plaintiff could work to the extent she was provided the restroom and break accommodations aligned with the objective medical evidence. (AR 307-08.) For such reason, and after considering the entirety of the evidence before him, ALJ Benham ultimately found Dr. Kanner's opinion was consistent with the objective record and accordingly assigned mostly persuasive value to her opinion. (AR 23; 34.)

Central to her Motion for Summary Judgment, Plaintiff argues ALJ Benham erred in his RFC assessment by failing to sufficiently explain his evaluation of Dr. Kanner's opinion. Not so. In its independent review of the administrative record here, the Court opines the objective record reasonably convinced ALJ Benham that Plaintiff had the residual functional capacity to perform sedentary work and, in turn, reasonably relied upon Dr. Kanner's opinion to so determine. (AR 30.) As discussed, ALJ Benham cited to specific medical records in evaluating the credibility of Dr. Kanner's opinion, which precludes the conclusion that ALJ Benham arbitrarily discounted Dr. Kanner's consultative evaluation. *See Thomas*, 278 F.3d at 958. The only possible source of error here arises from ALJ Benham's acceptance of Dr. Kanner's opinion as to Plaintiff's purported need for restroom and break accommodations, given Dr. Kanner was the only doctor to opine about such accommodations and her evidentiary basis for it was sparse.

As noted, ALJ Benham cited Dr. Kanner's recommendation that Plaintiff "have convenient and frequent access to a restroom" in determining that Plaintiff needed to be within 20 yards of a restroom and required two additional, unscheduled breaks of five to

ten minutes each. (AR 30; 308.) Even in characterizing ALJ Benham's position on the matter as error, the Court finds the error is nothing more than harmless. The Court takes this view because the error inures to Plaintiff's benefit as to her RFC determination. Further, because ALJ Benham reasonably evaluated Dr. Kanner's opinion, and the opinion was susceptible to more than one rational interpretation, the Court is bound to give deference to ALJ Benham's Decision. *James S. v. Kijakazi*, 2023 WL 2536717 (S.D. Cal. 2023) (citing 42 U.S.C. § 405 (g) and *Buck v. Berryhill*, 869 F.3d 1030, 1048 (9th Cir. 2017) (observing the scope of judicial review is limited and the denial of benefits will not be disturbed if it is supported by substantial evidence); *see also Thomas v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (affirming that the ALJ's decision *must* be upheld even if the evidence is susceptible to more than one rational interpretation [emphasis added].).

Finally, the Court finds Plaintiff's legal authority submitted in support of her Motion for Summary Judgment unavailing. Plaintiff cites to *Motor Vehicle Manufacturers Ass'n v. State Farm* for the general proposition that "administrative agencies must always explain their decisions." *Motor Vehicle Manufacturers Ass'n of the United States, Inc. v. State Farm Mutual Automobile Insurance Co.*, 463 U.S. 29 (1983) ("*Motor Vehicle*"). (Doc. No. 14, 7:21.) *Motor Vehicle*'s general proposition is consistent with the legal authority upon which this Court relies, namely Ninth Circuit precedent requiring that substantial evidence underlie an ALJ's Decision, as here. Similarly, Plaintiff's citation to *Tackett v. Apfel* does not vindicate Plaintiff's appeal of ALJ Benham's Decision. The ALJ in *Tackett* formulated an RFC that directly contradicted medical evidence, which is factually dissimilar from the instant Action. Here, the weight of the medical evidence comports with ALJ Benham's RFC assessment, despite that Dr. Kanner's opinion did not fully substantiate Plaintiff's purported need for restroom and break accommodations. *See Tackett v. Apfel*, 180 F.3d 1094 (9th Cir. 1999). Ultimately, while ALJ Benham's translation of Dr. Kanner's opinion as to Plaintiff's purported need for restroom and break accommodations is less than clear, the Court finds the error harmless. Accordingly, because ALJ Benham's RFC assessment

conforms to the objective medical record, ALJ Benham's Decision and finding of non-disability are supported by substantial evidence and must be upheld.

### b. ALJ Benham's Assessment of Plaintiff's Testimony

Next and finally, Plaintiff contends ALJ Benham improperly evaluated her credibility specific to her subjective symptom testimony. In evaluating symptom allegations, an ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Lingfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). Once established, a claimant's subjective limitation testimony may be discounted only by offering clear and convincing reasons. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *see also Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (stating an ALJ's reasons for rejecting subjective pain testimony must be sufficiently specific to allow a reviewing court to conclude that it was not arbitrarily discredited). When determining the credibility of a claimant's allegations of pain, the following factors are considered: (1) the nature, location, onset, duration, frequency, radiation, and intensity of any pain; (2) precipitating and aggravating factors (*e.g.*, movement, activity, environmental conditions); (3) type, dosage, effectiveness, and adverse side-effects of any pain medication; (4) treatment, other than medication, for relief of pain; and (5) the claimant's daily activities. *Bunnell*, 947 F.2d at 346 (citing Social Security Ruling 88-13). Inconsistent testimony or medical evidence are appropriate grounds for discounting limitation testimony. *Id.* at 345.

Having studied the entirety of the administrative record, the Court finds ALJ Benham cited clear and convincing reasons for discounting Plaintiff's subjective pain testimony as to her ulcerative colitis. In particular, ALJ Benham noted that, in October 2019, Plaintiff's treatment records revealed her ulcerative colitis had not been problematic. (AR 31; Ex. 3F/6). ALJ Benham also observed that, in August 2020, Plaintiff's medical records characterized Plaintiff's condition as stable, and Plaintiff was not prescribed any medication to treat any medical condition, inclusive of ulcerative colitis. (*Id.*; Ex. 7F/14). ALJ Benham added that Plaintiff's medical record did not reflect any emergency room

visits, hospitalizations, reports of increased symptoms, or changes to treatment that would otherwise corroborate Plaintiff's testimony about her condition worsening over time. (*Id.*)

Given the above, the Court finds the noted factors, when taken together, do not give credence to Plaintiff's symptom testimony pertaining to her ulcerative colitis. Instead, the factors establish that ALJ Benham appropriately rejected Plaintiff's subjective pain testimony and reflected the same in his RFC determination. As such, "[in] weighing [a] claimant's testimony, an ALJ may consider reputation for truthfulness, inconsistencies in testimony, or between testimony and conduct, daily activities, and unexplained, or inadequately explained failure to seek treatment…." *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007) (internal quotation marks and citation omitted). Further, "an ALJ also may consider the claimant's work record and testimony from doctors and third parties regarding the "nature, severity, and effect of the symptoms of which the claimant complains." Parker v. Saul, 2022 WL 4798162, at *4 (S.D. Cal. Sept. 30, 2022) (citing C.F.R. § 404.1529(c). If the ALJ's finding is supported by substantial evidence, the court may not second-guess his or her decision. *Id.*; *see also Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008) (where the ALJ's credibility assessment is supported by substantial evidence, it will not be disturbed even where some of the reasons for discrediting a claimant's testimony were improper). Here, the reasons cited by ALJ Benham are specific enough to conclude that he did not arbitrarily discard Plaintiff's subjective testimony. ALJ Benham's express citation to these numerous, specific factors constitute clear and convincing reasons substantiating his Decision. Thus, the Court finds clear and convincing evidence supports ALJ Benham's treatment of Plaintiff's subjective pain testimony and, for such reason, ALJ Benham's determination must be upheld.

/ / /
/ / /
/ / /
/ / /
/ / /

## VI. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Summary Judgment and GRANTS Defendant's Cross-Motion for Summary Judgment. (Doc. Nos. 14, 16, and 22.) In turn, the Court DIRECTS the Clerk of this Court to enter judgment in favor of DEFENDANT and to close this case accordingly.

**IT IS SO ORDERED.**

Dated: August 31, 2023

Hon. William V. Gallo
United States Magistrate Judge